Clayton OWENS, Plaintiff-Appellant,

v.

**CHICAGO BOARD OF EDUCATION, Defendant-Appellee.**

No. 16-3607

United States Court of Appeals, Seventh Circuit.

Submitted August 8, 2017

Decided August 14, 2017

Before WOOD, Chief Judge, and BAUER and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

In June 2012 Clayton Owens became the maintenance supervisor at Phillips Academy High School in Chicago. That December he came under supervision by Martine Miller, who managed the maintenance staffs at several schools. According to Owens, in January 2013 he told Miller that he had an age-discrimination suit pending against the Board of Education. She replied: "Do you think you're going to keep your job working for the Chicago Public Schools and you're filing a lawsuit?"

Owens maintains that he reminded Miller about the suit in May 2013, prompting her to say: "I think you lost your mind by filing a lawsuit and you think you're going to keep your job. You'll see what I'm talking about." The next month Miller gave Owens an "unsatisfactory" rating, the worst he had received in his career (which began in 1975). Owens contends that Miller then told him: "I told you you weren't going to get away with that." That fall the Board of Education, struggling with a shrinking budget and a declining student population, laid off 25 maintenance workers. The "unsatisfactory" rating put Owens first in line to be let go, and he was told that his services were no longer required. That led him to take early retirement, which he characterizes as a constructive discharge.

 Owens contends that Miller discriminated against him because of his age (61 at the time) and his first suit. The district court granted summary judgment to the Board. 2016 WL 4611387, 2016 U.S. Dist. LEXIS 119772 (N.D. Ill. Sept. 6, 2016). The claim of age discrimination failed, the court concluded, because no other older employee had fared poorly in Miller's evaluations and because she had legitimate reasons to downrate Owens. A sheaf of documentary evidence shows that he dealt slowly, if at all, with serious problems such as the lack of hot water in the lavatories. Owens maintains that the severity of his performance deficits has been exaggerated. Still, once an employer gives an apparently legitimate reason for its decision, it prevails unless the plaintiff can show that the reason was a pretext for discrimination, which means a phony reason rather than a mistaken one. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). We agree with the district court that the record would not permit a reasonable trier of fact

to conclude that Owens's age influenced his "unsatisfactory" rating. See *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016) (discussing the standards for the resolution of employment-discrimination claims).

■ Owens's retaliation theory is a different matter. The Age Discrimination in Employment Act forbids penalizing employees for asserting their rights through administrative complaints or suits. 29 U.S.C. § 623(d). The fact that Owens displayed lackluster performance would not justify his layoff or discharge, if those shortcomings would have been tolerated in someone who had not complained about discrimination. Owens has stated under oath that Miller knew about his earlier suit and twice threatened to get rid of someone with the temerity to sue his employer. Owens adds that, when explaining his unsatisfactory rating, Miller made a statement—"I told you you weren't going to get away with that."—that a reasonable jury could understand as confirmation that she had carried through on her threat.

The district court nonetheless dismissed the retaliation theory, writing that the third statement is ambiguous and that the first two, which were blunt, "were made weeks or months in advance of the June 2013 performance rating *and had nothing to do with it.*" 2016 WL 4611387 at *9, 2016 U.S. Dist. Lexis 119772 at *31 (emphasis added). Yet whether the statements had something to do with the rating is a debatable proposition of fact and therefore cannot be resolved on motion for summary judgment. A reasonable juror could conclude that Miller twice threatened to get rid of Owens on account of his lawsuit and used the rating to do that. In the absence of an "unsatisfactory" rating Owens's seniority would have ensured that he kept his job. That Miller did not (likely could not) carry through on her threat in January does not show conclusively that the threat was unrelated to what happened in June. It may take time for even a determined supervisor to undermine an employee's standing.

Miller contends that Owens is lying—that he never told her about the suit and that she did not say the things he attributes to her. She also asserts that she did not learn of Owens's suit from any other source until after his layoff. Finally, she contends that she had no idea that her "unsatisfactory" rating would cost Owens his job; she says that she was laying the groundwork to put him on a performance improvement plan, not to get rid of him. If the jury believes Miller, then Owens will lose this suit. But if the jury believes Owens, and further concludes that Miller would have given Owens a better rating had she been ignorant of his litigation, then Owens is entitled to relief. A trial, not summary judgment, is the way to determine who is telling the truth.

The judgment is affirmed to the extent it dismisses Owens's age-discrimination claim but otherwise is reversed, and the case is remanded for trial.